UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
MAY 11 2020


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALYSSA BRIGGS,<br><br>　　　　Defendant. | 1:19-CR-10044-CBK<br><br>OPINION AND ORDER |

　　Following defendant's guilty plea and disclosure of the presentence investigation report, counsel for defendant moved for a determination of defendant's mental competency. The Court ordered that defendant undergo a competency examination for the purposes of determining her present competency to assist in her defense. Following an evaluation and the receipt of a psychological report, this Court held a hearing on May 11, 2020, pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), to determine the competency of defendant. Defendant appeared in person. The parties stipulated to the admission of the forensic evaluation report of Cynthia A. Low, Ph.D., a forensic psychologist at the Federal Detention Center, SeaTac, Washington.

　　I am required to make a determination whether, by a preponderance of the evidence, "the defendant is presently suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense." 18 U.S.C. § 4241(d), United States v. Ferro, 321 F.3d 756, 760 (8th Cir. 2003). "A medical opinion on the mental competency of an accused is usually persuasive evidence on the question of whether a sufficient doubt exists about the defendant's competence." United States v. Mueller, 661 F.3d 338, 352-53 (8th Cir. 2011). The Court has read and considered the report submitted to the Court. Dr. Low opined that the defendant currently suffers from a mental disease or defect which would substantially impair her ability to understand the nature and consequences of the proceedings against her, or to assist properly in his defense. The warden of the Federal Detention Center, SeaTac, I. Jacquez, stated that, in the opinion of the medical staff, formal competency restoration at a federal medical center is recommended.

I adopt the opinion of Dr. Low and find, by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the sentencing proceedings against her or to assist properly in her defense.

> If the court finds after a competency hearing conducted in accordance with § 4247(d) that the defendant is mentally incompetent, the court "shall commit the defendant to the custody of the Attorney General . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability" that the defendant's competency can be restored "in the foreseeable future." 18 U.S.C. § 4241(d)(1). If the defendant's competency can likely be restored, [s]he may be treated for "an additional reasonable amount of time." 18 U.S.C. § 4241(d)(2)(A).

United States v. Millard-Grasshorn, 603 F.3d 492, 493 (8th Cir. 2010).

Good cause appearing,

IT IS ORDERED:

1. Pursuant to 18 U.S.C. §§ 4241(d)(1), Alyssa Briggs is committed to the Attorney General for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the sentencing hearing to proceed.

2. Upon completion of the four-month period, or any additional reasonable period of time authorized by 18 U.S.C.§ 4241(d)(2)(A), unless otherwise ordered by the Court, the defendant is to be returned to this Court either for disposition of the charges pending herein or for a determination pursuant to 18 U.S.C. § 4241(d)(2), of whether said defendant's hospitalization should continue for any additional period of time.

3. The jury trial and sentencing hearing currently scheduled are cancelled pending restoration of competency.

DATED this 11th day of May, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge